UNITED STATES of America, Plaintiff,

v.

George N. MEROS, Robert J. Papolos, et al., Defendants.

No. 84–76 Cr–T–8.

United States District Court,
M.D. Florida,
Tampa Division.

Oct. 12, 1984.

Supplemental Opinion Dec. 28, 1984.

## ORDER AND INJUNCTION

KRENTZMAN, District Judge.

Defendants Meros and Robert J. Papolos along with 21 others are charged in a multi-count indictment with having engaged in a pattern of racketeering activities involving importation and possession with intent to distribute narcotics in violation of Title 18, § 1962(c) U.S.C. and related substantive offenses.

On August 16, 1984 the government filed a motion for leave to take the deposition of one Renate Bohrisch, a Swiss national. Similarly, on August 24, 1984 and again on September 6, 1984, the government filed additional motions for leave to take the depositions of the custodians of records of the Union Bank of Switzerland, in Geneva and Zurich respectively. On August 31, 1984, after hearing, Judge Paul Game issued an order granting the government's motions to take Ms. Bohrisch's and the Geneva depositions, and on September 21, 1984, he granted the motion for the Zurich deposition. In these orders Judge Game provided that all those defendants willing and able to attend the depositions be afforded the opportunity to do so by the government, and that those defendants unable to attend be afforded telephone hook-ups to enable them to participate as much as possible in the deposition process.

Both defendant Meros and defendant Robert J. Papolos, as well as other defendants, filed notices of their intention to attend the Swiss depositions, with defendant Papolos filing such a notice as recently as September 26.

The sole objection to Judge Game's orders filed in this Court has been defendant Meros' motion for reconsideration of the Magistrate's ruling, filed September 10, in which Mr. Meros sought, among other things, to have the depositions postponed to a date when his physical condition would enable him to be present. This matter was heard at hearing on September 11, 1984 and the motion was denied by Court's order of September 16, 1984.

On October 10, 1984 the government filed a motion representing that on or about September 19, 1984 through Swiss counsel defendants Meros and Robert J. Papolos filed objections to the Swiss depositions with Swiss officials. The government represents that said Swiss counsel represented to the Swiss Court that the United States government intends to use the deposition of Swiss witnesses and Swiss bank records solely to pursue fiscal offenses and not to support non-fiscal offenses. The government represents that as a result of the filing of said objections it has been advised that the depositions scheduled for October 15, 1984 will be stayed and that ultimately a delay as long as one year may occur. An emergency hearing was conducted on October 9. At that time representative parties were directed to file and serve memoranda, and a continued hearing

was scheduled for October 12. At hearing local counsel for defendants Meros and Robert J. Papolos confirmed that Swiss counsel for their respective clients had filed such objections and contended that under appropriate treaties and Swiss laws they had the right so to do and that this Court lacked jurisdiction or authority to take action in the matter.

This matter of course is controlled by the Treaty with the Swiss Confederation On Mutual Assistance In Criminal Matters, 27 U.S.T. 2019 *et seq.* It is clear under the provisions of Ch. 1, Art. 2 1(c)(5) that the assistance of the Treaty is not available to obtain documents to prove tax fraud or other offenses prohibited by Title 31, U.S.C. Annotated. In its application to this Court on authority to take the depositions, by statements on the record and open court, and in its motion now pending before the Court the government affirms without qualification that it intends to abide by the terms of the Mutual Assistance Treaty and will not use or attempt to use any documents or evidence to prove or attempt to prove Title 31 violations without first having subsequently obtained specific permission from Swiss authorities. The undersigned, as Judge of this Court, for himself and any other judge who may try this case specifically affirms and binds the Court to comply with all terms of said Mutual Assistance Treaty in determining admissibility of any evidence obtained thereunder.

█ This Court recognizes and respects the Treaty for Mutual Assistance and the Swiss law on international judicial assistance in criminal matters. It neither has nor seeks any jurisdiction over any Swiss court or Swiss national, either as an attorney or otherwise. This Court does have jurisdiction over this case, over the parties thereto and over their attorneys who have signed appearances herein. It is charged with the serious responsibility of providing a fair and speedy trial to each of the several defendants named and to the government. Implicit to a fair trial is the right of a party to have and to obtain evidence necessary to establish the truth of the mat-

ter. Before a trial can be scheduled the parties must be given fair opportunity to obtain such evidence. Proceedings involving mutual assistance of two or more courts, each having and being entitled to the respect and assistance of the other can be and on occasions are frustrated by vague and conclusionary objections or other procedural actions.

This Court is satisfied and will insure that any evidence or information obtained through the Mutual Assistance Treaty will be used for only those purposes authorized by the Treaty and no other. Representations and actions indicating the contrary can only serve to delay, frustrate and obstruct the interest of justice in this case.

As a result of the action taken by Swiss counsel for defendants Meros and Robert J. Papolos it is obvious that the depositions scheduled for October 15 will have to be continued. The request of the government for authorization to take such depositions and to obtain evidence is again GRANTED. Counsel for the government is directed to obtain a continued date for said depositions, to promptly notify all defendants and counsel as to the date and time thereof.

The defendant George N. Meros, his attorneys Frank Ragano, Esquire, Edward T. Garland, Esquire, John R. Hesmer, Esquire and all persons acting in concert therewith or substitute therefor as counsel and the defendant Robert J. Papolos and Frank Lauderback, Esquire, his attorney, and all persons acting in concert therewith or as substitute therefor as counsel are and each is specifically DIRECTED, ORDERED AND ENJOINED from either directly or indirectly attempting to frustrate this Court's order granting leave to take depositions or the government's request for international judicial assistance from the Swiss Confederation by seeking to litigate in that jurisdiction the propriety of this Court's order including any issue properly within the scope of Rule 15, Fed.R.Cr.P. Said defendants Meros Robert J. Papolos are specifically DIRECTED to immediately direct their Swiss legal representatives to withdraw objections to said depositions

with said withdrawal to be effected by October 15, 1984 at 11 a.m. Swiss time. Said defendant Meros and said defendant Robert J. Papolos each is ORDERED AND DIRECTED to file a written certificate with this Court by 10 a.m. October 15, 1984 attesting to the fact that such instructions have been given and such objections have been withdrawn.

Any attempt in a foreign country by any defendant in this case to prevent the execution of the government's request for assistance made to any foreign judicial authority in furtherance of this order may be considered as a *post hoc ex parte* attempt to frustrate this order and may in appropriate circumstances constitute a waiver on the part of said defendant to the right of confrontation.

A copy of this order is being made available to counsel for the government by 4 p.m. October 12, 1984. Counsel for the government is DIRECTED to hand deliver a copy thereof to counsel for defendants Meros and Robert J. Papolos and is DIRECTED to furnish a certified copy to Swiss authorities by the quickest method available.

### Supplemental Opinion

Responsive to a motion filed by the government, after considering memorandum filed on behalf of defendants George N. Meros and Robert J. Papolos, respectively, and a hearing thereon, the Court on October 12, 1984, entered an order and injunction which among other things contained the following:

The defendant George N. Meros, his attorneys Frank Ragano, Esquire, Edward T. Garland, Esquire, John R. Hesmer, Esquire and all persons acting in concert therewith or substitute therefor as counsel and the defendant Robert J. Papolos and Frank Louderback, Esquire, his attorney, and all persons acting in concert therewith or as substitute therefor as counsel are and each is specifically DIRECTED, ORDERED AND ENJOINED from either directly or indirectly attempting to frustrate this Court's order granting leave to take depositions or the government's request for international judicial assistance from the Swiss Confederation by seeking to litigate in that jurisdiction the propriety of this Court's order including any issue properly within the scope of Rule 15, Fed.R. Cr.P. Said defendants Meros and Robert J. Papolos are specifically DIRECTED to immediately direct their Swiss legal representatives to withdraw objections to said depositions with said withdrawal to be effected by October 15, 1984 at 11 a.m. Swiss time. Said defendant Meros and said defendant Robert J. Papolos each is ORDERED AND DIRECTED to file a written certificate with this Court by 10 a.m. October 15, 1984 attesting to the fact that such instructions have been given and such objections have been withdrawn.

Any attempt in a foreign country by any defendant in this case to prevent the execution of the government's request for assistance made to any foreign judicial authority in furtherance of this order may be considered as a *post hoc ex parte* attempt to frustrate this order and may in appropriate circumstances constitute a waiver on the part of said defendant to the right of confrontation.

Responsive thereto, on October 15, 1984, both defendants filed with this Court written certificates to the effect that Swiss counsel for them had been instructed to withdraw objections filed with Swiss authorities to the taking of depositions in Switzerland described in the Court's order of October 12, 1984.

On December 6, 1984 the government filed a motion for contempt representing that said defendants and those acting in concert with them had violated the Court's order of October 12, 1984. On December 12, 1984 defendants filed a brief in opposition to the government's motion in which they in various ways "confess and avoid" the government's representations. On December 19, 1984 the Court conducted a hearing on said motion. The proceedings were reported and a transcript is available upon request and payment for the same.

As Exhibit A to defendants' December 12 brief defendants attached what purports to be a English translation of an appeal presented before the Chamber of Accusation of the Republic and Canton of Geneva (Switzerland). The appeal filed by Swiss attorneys acting in conjunction with the defendants and their American counsel in subpart II and III thereof sets out a summary of objections made before the Swiss Magistrate supervising the taking of the depositions and the objections being appealed.

In Section I under the heading *Context* Swiss counsel correctly interpret this Court's October 12 order in the following words:

The Prosecution in the United States obtained from the American judge KRENTZMAN an order whereby he enjoined Mssrs. MEROS and PAPOLOS to immediately give instructions to their Swiss counsel to withdraw the opposition and the Administrative Law Appeal and not to undertake anything which might interfere with, or even simply delay, the execution of the request.

If the clients did not obey immediately, they were subject to a sentence of imprisonment (contempt of court).

The Swiss counsel then say:

"The opposition and the Administrative Law Appeal were withdrawn under duress, a fact of which the authorities concerned, the Federal Office of Police and the Federal Tribunal, respectively, were informed 'expressis verbia'."

Under subparagraph II(a) the Swiss counsel state that:

"The withdrawal of the appeal and opposition made under duress is null and void."

Defendants' objections and grounds now being appealed in the Swiss courts relate to alleged violations of "American procedure" and seek an order to "quash the depositions taken during the hearing of November 12 and 13."

In their brief filed with this Court defendants alternately contend that the Court's order of October 12 was not clear and that their intent was to enforce, through orders of the Swiss court, the provisions of Rule 15 of the (American) Federal Rule of Criminal Procedure and the orders of this Court.

Defendants suggest that the Comprehensive Crime Control Act of 1984 (Title II of H.J.Res. 648: P.L. 98–473 adopted October 12, 1984 in a newly added Section 3507 "provides for the taking of depositions in a foreign nation," and that this fact is relevant to the issue before this Court. This is not so. Section 3493, Title 18 of the United States Code which has been in effect since 1949 provides for such depositions. The new section merely adds new permissive procedure which is not relevant here.

The defendants' contention that this Court's October 12 order was not clear or was ambiguous is untenable. The meaning and purpose of that order and the defendants' understanding of it is evidenced by the quoted portion from the *Context* section of the current appeal presented before the Swiss courts, *supra*. Request that the Swiss appeal court quash the depositions impedes and delays the government's request for international judicial assistance. The evidence is undisputed and I find it established by clear and convincing evidence that defendants Meros, Robert J. Papolos, and their counsel Frank Ragano, Esquire, Edward T.M. Garland, Esquire, and Frank Louderback, Esquire intentionally, clearly and directly violated this Court's order of October 12, 1984.

■ The defendants' contention that their intent in bringing the Swiss appeal was to enforce the provisions of Rule 15 of the Federal Rules of Criminal Procedure is meritless. Long established rules of procedure in the United States provide for the exercise of the discovery process, including the taking of depositions, and provision is made in these rules for making and preserving objections. The Swiss objections filed by the defendants are directed to Rule 15 matters, and as such are within the jurisdiction of this Court. Under Rule 15,

objections to the format, scope and use of depositions are to be made on the record at the time of their taking, as was done in this case. Any further objections the defendants may have, as well as reiterations of previously made objections, may be made in this Court at or prior to the consideration of admission of the depositions at trial. The defendants' rights are and will be protected under the applicable American Rules, and will be preserved at trial. The continued pendency of the appeals before the Swiss courts will result in delay and frustration of the administration of justice in this case. Therefore, the defendants Meros, Robert J. Papolos, and their American counsel are directed to immediately direct their Swiss attorneys to withdraw, terminate and conclude their appeal from any and all Swiss court or courts in which they now pend. They are further ordered to file with this Court certificates of compliance with this order no later than January 10, 1985.

To be absolutely clear and without limitation, said defendants and their counsel and all persons acting in concert with them are enjoined from engaging in any activity or doing anything that would frustrate or delay the completion of the deposition process, i.e., the receipt of the transcripts of the November 12 and 13 depositions by the appropriate government representatives in this country.

The intent and purpose of this Court is not to punish defendants or their counsel but to insure compliance with this Court's orders, protect this Court's jurisdiction, and provide a fair and speedy trial for all the parties in this case. No action will be taken at this time in connection with the violations of the October 12 order. Any further violation of this Court's orders will result in imposition of sanctions appropriate to civil contempt.

A copy of this order shall be mailed to defendant Meros, defendant Robert J. Papolos, to Messrs. Ragano, Garland, Louderback, and to government counsel.